### In re LAFFARGUE'S ESTATE.

(Supreme Court, Appellate Division, First Department. March 14, 1913.)

Appeal from Surrogate's Court, New York County.

In the matter of the estate of J. George Laffargue, deceased. From a surrogate's decree (In re Herrmann, 75 Misc. Rep. 599, 136 N. Y. Supp. 944) that Henrietta Laffargue survived the testator, the executor appeals. Affirmed.

See, also, 143 App. Div. 910, 127 N. Y. Supp. 1128.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

F. V. Johnson, of New York City, for appellant.
E. T. Taliaferro, of New York City, for respondent.

PER CURIAM. Decree affirmed, with costs.

INGRAHAM, P. J. I dissent from the affirmance of this decree. The surrogate, in his exhaustive opinion, quite correctly states the

question submitted to him and the reasons for his determination that the wife survived her husband; and that in consequence thereof the provision made for the wife by the will of the husband vested in her, and was properly distributed under her will. The husband and wife were killed in the same accident, by which an automobile, in which they were riding, was struck by a train on the Pennsylvania Railroad. Both husband and wife had estates, which they disposed of by will. They both had children by a former marriage, but had no children by the existing marriage. By the husband's will all the testator's property was given to his executors, in trust for the purposes thereafter mentioned. He directed his executors to pay to his wife all moneys collected upon the policies of insurance upon his life, and also gave, devised, and bequeathed to his wife two shares of his estate, to be paid to her when his son should arrive at the age of 21 years; the balance of his property to be disposed of for the benefit of his own children by a former wife. The wife made a will giving her property to her own children by a former marriage. The effect of this decree is to divest a portion of the husband's property from his own children and vest it in the children of his wife by a former marriage, by applying certain provisions that the testator made for the benefit of his wife, upon the ground that she actually survived him a few minutes after the accident which resulted in the death of both. The surrogate recognized the rule, settled in this state, that there is no presumption of survivorship, and the burden of proof is upon the party seeking to establish that by a survivorship property rights were acquired.

The finding that the wife survived the husband is based upon the nature of the injuries that both sustained and the fact that the witness who first saw the bodies noticed some movements of the legs of the wife immediately after he arrived upon the scene of the accident. The husband undoubtedly was instantly killed. The nature of his injuries showed that he could not survive the shock of the collision; but I do not think the evidence justified a finding that the wife did survive. She was entirely unconscious, and never, so far as appears, regained consciousness. She had suffered from a serious disease of her heart, and both of her legs were broken as the result of the accident, and all that was observed were convulsive movements of her lower extremities, which, I think, are insufficient to establish the fact that life, within the meaning of that term, necessary to establish survivorship, actually existed after the witness arrived at the scene. To all intents and purposes the woman was then dead. She was absolutely unconscious. Her conscious life had ceased. She never regained consciousness or exhibited any signs of living, except these merely convulsive movements.

The burden of proof is on the representatives of the wife's estate, and I do not think a considerable portion of the husband's estate should be diverted from his own children upon such evidence.

McLAUGHLIN, J., concurs.